**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Case No. 6:20-CR-00022-ADA-1** |
| | § | |
| **JAMES JERROD WILLIAMS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On October 21, 2021, James Jerrod Willims was sentenced in the Western District of Texas, Waco Division to 51 months in the custody of the U.S. Bureau of Prisons, followed by a three (3) year term of supervised release for the offense of Possession of a Firearm by a Convicted Felon. The defendant's supervised release began on June 5, 2024.

On February 19, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated Mandatory Condition Number 1, in that, on February 15, 2025, the defendant was arrested by the Temple police department and charged with Assault Causes BI Family Member, in violation of Texas Penal Code, § 22.01.

**Violation Number 2:** The defendant violated Mandatory Condition Number 8, in that, the defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

**Violation Number 3:** The defendant violated Standard Condition Number 9, in that, if the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

On February 24, 2026, the Court held a hearing on the petition. At the hearing, the government abandoned Violation Number 1 and orally amended Violation Number 3 asserting that a more accurate statement was that the defendant had been out of contact with his probation officer since February 2025, which violates several conditions including Standard Conditions 2, 5, 6, and 13. At the hearing, the defendant pled TRUE to Violation Number 2 and Violation Number 3 as amended. The petition contained a sufficient factual basis to support a plea of TRUE to Violation Number 2 and Violation Number 3 as amended.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of TRUE to Violation Number 2 and Violation Number 3 as amended.

3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE to Violation Number 2 and Violation Number 3 as amended.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15.     The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to Violation Number 2 and Violation Number 3 as amended.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that that the defendant's term of supervised release be revoked and that he be sentenced to 8 months in custody, with no term of supervised release to follow, with credit for times served.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 24th day of February, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE